(86 App. Div. 566.)

### McSHANE v. MURPHY, Mayor.

(Supreme Court, Appellate Division, Third Department. September 14, 1903).

1. ELECTIONS—APPOINTMENT OF ELECTION OFFICERS—REVIEW—JURISDICTION OF JUSTICE.

As the summary jurisdiction of a justice of the Supreme Court under section 11 of the primary election law (Laws 1899. p. 995, c. 473) relates only to the review of the action or neglect of a public officer or board with regard to a right given or duty prescribed by that law, he has no power thereunder to review the action of a mayor in appointing election officers; such power of appointment being given by the election law (Laws 1896, p. 900, c. 909, § 12, as amended by Laws 1901, p. 232, c. 95).

Appeal from Special Term.

Application by John J. McShane under section 11 of the primary election law (Laws 1899, p. 995, c. 473) to review the action or alleged neglect of John H. Murphy, mayor of the city of Cohoes, in appointing election officers to represent the Democratic party in said city. From an order made by a justice of the court, denying the application for want of power, the complainant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Mark Cohn, for appellant.
Peter A. Delaney and Henry A. Strong, for respondent.

PER CURIAM. We think the justice sitting at chambers had no power, under section 11 of the primary election law (Laws 1899, p. 995, c. 473), to grant the relief asked for by the complainant, as the power of the mayor to appoint election officers is not given by that law, but by the election law (Laws 1896, p. 900, c. 909, § 12, as amended by Laws 1901, p. 232, c. 95); and the summary jurisdiction given to justices under section 11 of the primary election law only relates to the review of the action or neglect of a public officer or board with regard to a right given or duty prescribed by that act, and, therefore, the justice was right in denying the application for want of power.

The order should be affirmed, with $10 costs and disbursements.